IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN COLES, # 157-453                   :
a/k/a/ Ronnie Miller

                                        :

     Plaintiff,

                                          :

     v.                               CIVIL ACTION NO.  JFM-06-1652

                                          :

BALTIMORE COUNTY DETENTION,
CENTER MEDICAL UNIT-2 C/2D        :
JAMES O'NEILL, Warden, and
LEE ANN COLBURN, Health Services    :
Supervisor.

                                          :

     Defendants.

oo000oo

**MEMORANDUM**

This is a pro se action filed by Brian Coles (Coles) pursuant to 42 U.S.C. §1983 and the Americans with Disabilities Act (ADA), 42 U.S. C. § 12132 against defendants Baltimore County Detention Center Medical Unit- 2C/2D, James O'Neill, Director of the Baltimore County Department of Corrections, and Lee Ann Coburn, Health Services Supervisor with the Department of Corrections.  Counsel for defendants has filed a motion for summary judgment to which Coles has filed a reply in opposition. Upon review of the pleadings, exhibits, and applicable law, the court finds that defendant is entitled to summary judgment as a matter of law.

**Claims Presented**

Coles, who is paraplegic, raises claims concerning his conditions of confinement.  He claims that at the time he was housed at the Baltimore County Detention Center as a pre-trial detainee, he was placed  in a cell that was not handicap-accessible for sixty days. Coles claims his wheelchair could not move further than the toilet and the shower lacked railing. Coles claims he sustained a back injury when he fell in his cell after trying to drag himself to the bed area.  He next complains

that he had to eat food on his lap because there were no tables for wheelchairs. Coles claims he was

ordered to sleep on the floor,  had to ambulate from his wheelchair to a mat on the floor each time

there was a jail count, and his "convalescent ability drastically declined."  Supp. Complaint,  ¶ 2.

 Coles also raises a claim of inadequate medical treatment, stating that  "[D]etention center staff

deprived me of a sufficient amount of colostomy bags, used to catch waste, the medical supplies

were out dated, and specifically the Iodine Prodone (a product used to cleanse the private area before

insertion of a Urological Catheter) was three years old."  *See id.*  He claims to have suffered two

urinary track infections as a result. Coles seeks damages and injunctive relief to accommodate his

eating, sleeping, and other needs.[1]

**Standard of Review**

> Fed. R. Civ. P. 56(c) provides that:

>> [Summary judgment] shall be rendered forthwith if the pleadings,
>> depositions, answers to interrogatories, and admissions on file,
>> together with the affidavits, if any, show that there is no genuine
>> issue as to any material fact and that the moving party is entitled to
>> a judgment as a matter of law.

This does not mean that any factual dispute will defeat a motion for summary judgment:

>> By its very terms, this standard provides that the mere existence of
>> *some* alleged factual dispute between the parties will not defeat an
>> otherwise properly supported motion for summary judgment; the
>> requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

> "The party opposing a properly supported motion for summary judgment 'may not rest upon

---

[1]As Coles is no longer housed at the Baltimore County Detention Center, his request for injunctive relief is moot.  Coles states in his opposition reply that he "is not opposed" to dismissal of his request for injunctive relief since he is no longer at the Detention Center. Plaintiff's Reply, Part III, ¶ D.

the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)).  The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility."  *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial."  *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Factual Background**

In support of the motion for summary judgment, counsel for defendants has filed the declaration of James P. O'Neill, Director of the Baltimore County Department of Corrections. Coles has not filed any verified pleadings to dispute the facts as presented in the declaration.

In his declaration,  O'Neill attests that on September 5, 2005, Coles was committed to the Baltimore County Detention Center following his arrest on  charges of theft of less than $500 (case # 6C00227604).   "Following processing and due to his medical infirmity and confinement to a wheelchair, Plaintiff was immediately transferred to the medical housing unit 2D.  During Plaintiff's commitment to the Detention Center, he was housed in cell 2D-5 and assigned to a lower bunk, with wheelchair access to a toilet and showers."  Defts. Ex. 1,  ¶ 1. Coles was released on a detainer to Baltimore City on or about November 9, 2005.  Defts. Ex. 1,  ¶ 2.

On or about May 27, 2006, Coles was arrested for theft of less than $500 and possession of

a concealed deadly weapon (case #3C00219488) and again committed to the Baltimore County

Detention Center, where he was again placed in the medical housing unit based on his medical

infirmity and confinement to a wheelchair.  Defts. Ex. 1,  ¶ 2.

According to the O'Neill declaration:

> The medical unit where Coles was housed is used for inmates with medical conditions that require wheelchairs, crutches and casts. Beds, toilets, showers, telephones and tables are accessible in this unit and they were accessible to Plaintiff during his incarcerations at the Detention Center according to standards under the Americans with Disabilities Act.  Moreover, Plaintiff was allowed to sleep in a bottom bunk bed.

Defts. Ex. 1, ¶ 4.  At the time Coles was housed at the detention center, Prison Health Services, Inc.

(PHS) was the health care provider contractually obligated to provide medical services for inmates.

Defts. Ex. 1,  ¶ 3.[2]

Additionally, the O'Neill affidavit provides that at no time did Warden O'Neill, Lee Ann

Coburn, Health Services Supervisor, or other detention center personnel refuse medical treatment

to Coles. "In fact, on October 15, 2005, Plaintiff requested therapy, and on October 17, 2005,

Defendant Coburn responded to the request and inquired what kind of therapy Plaintiff desired, so

that the request could be further discussed with Dr. Wilson, the medical director employed at the

detention center by PHS." Defts. Ex. 1, ¶ 5.  According to O'Neill, Lee Ann Coburn, did not receive

a response or other follow-up from Coles. [3]

**Analysis**

---

[2]Coles does not name PHS or its employees as defendants in this action.  Accordingly, the claims concerning lack of colostomy supplies which allegedly led to infections will be dismissed without prejudice.

[3]Further, Coles does not indicate, nor does the O'Neill affidavit suggest, that Coles required medical attention for his alleged fall.

**Threshold Considerations**

In order to state a claim for damages under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Pape,* 365 U.S. 167, 168-69 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).

It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person."   Inanimate objects such as buildings, facilities, and grounds do not act under color of state law.  *See Preval v. Reno,* 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (regional jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail,* 722 F.Supp. 1294, 1301(E.D. N.C. 1989) (claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit).   Inasmuch as the Baltimore County Detention Center Medical Unit 2C/2D is a place, it is not subject to suit under § 1983.   For this reason, the civil rights claims against the Baltimore County Detention Center Medical Unit will be dismissed.

Further, the complaint fails to set forth any specific factual  allegations against either defendant O'Neill or Coburn.   To the extent Coles intends to hold these defendants liable for the actions of their subordinates, the doctrine of vicarious liability is not applicable in a §1983 action. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981); *Monell v. Department of Social Services*, 436 U.S. 312, 325 (1981);  *Vinnedge v. Gibbs*, 550 F.2d 926, 927-929 (4th Cir. 1977).  Liability in a § 1983 action on the part of a supervisory defendant requires a showing that the supervisor tacitly

authorized or was indifferent to the prison officials actions which violate constitutional rights. *See Miltier v. Beorn*, 896 F. 2d 848 (4th Cir. 1990). Coles neither raises specific allegations against either O'Neill or Coburn, nor suggests either tacitly authorized the alleged conduct in question. Coles has not satisfied his burden to meet the criteria for supervisory liability, and defendants O'Neill and Coburn are entitled to judgment as a matter of law.

### Conditions of Confinement

As a pretrial detainee, Coles' claims regarding the conditions of his confinement will be evaluated under the Due Process Clause of the Fourteen Amendment, rather than under the Eighth Amendment standards established for convicted prisoners. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 ( 1970). The due process rights of detainees are at least as co-extensive as the Eight amendment rights of convicted prisoners. *See Whisenant v. Yuam*, 739 f. 2d 160, 163 n. 4 (4th Cir. 1984); *Loe v. Armistead*, 582 F. 2d 1291, 1292 (4th Cir. 1978). Consequently, the Eighth Amendment "cruel and unusual punishment" standard is applied when reviewing a pretrial detentions conditions of confinement complaint.

In order to establish cruel and unusual punishment under the Eighth Amendment, an inmate must show "the deprivation of [a] basic human need was objectively 'sufficiently serious,'" and that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind." *Strickler v. Waters*, 989 f.2d 1375, 1379 (4th Cir. 1993) (citations omitted). Only extreme deprivations satisfy the objective component of an Eight Amendment claim regarding conditions of confinement. *See Hudson v. McMillian*, 503 U.S.1 (1992). To demonstrate such extreme deprivation, a prisoner must allege "a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler*, 989 F . 2d at 1391.

6

To demonstrate a sufficiently culpable state of mind, the Defendants must have acted with deliberate indifference to the allegedly unconstitutional conditions. *See Farmer v. Brennan*, 511 U.S. 825, 827 (1994). Deliberate indifference requires that a defendant "knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious hard exists, and he must also draw that inference." Id. There are no facts presented in the complaint to suggest that defendants were aware of or acted with deliberate indifference to the conditions alleged.[4] Deliberate indifference requires showing that a prison official actually knew of and disregarded an objectively serious condition, medical need or risk of harm. *See De'Lonta v. Angelone*, 330 F. 3d 630, 634 (4th Cir. 2003). Mere negligence does not constitute a violation of the Eighth Amendment. *See Farmer*, 511 U.S. at 834.

As previously noted, Coles does not allege that either defendant O'Neill or Coburn directed or tacitly authorized the actions at issue here. There are no facts presented to suggest that either defendant actually knew of and acted with deliberate indifferent to the conditions alleged. Notably, Warden O'Neill attests that Coles was placed in a handicap-accessible cell consistent with ADA standards. In regard to Coles's claim that he had to eat his meals on his lap there were no tables for his wheelchair, his allegations without more, fail to demonstrate any injury or a claim of constitutional magnitude. Coles's claim that he was "ordered" to sleep on the floor fails to name the official who ordered him to sleep on the floor, and why or how the lower bunk in the cell was unavailable. There is no allegation that defendants were aware of Coles' purported sleeping

---

[4]In his reply, Coles generally asserts that defendants O'Neill and Coburn "definitely received complaints regarding medical supplies and handicap accessibility in the cell and showers." In view of the affidavit before this court attesting that Coles was placed in a cell meeting ADA standards with accessible showers and toilet, Coles' unsupported allegations are insufficient. Coles' medical complaints may be raised in a separate proceeding against the medical practitioners who allegedly deprived him of necessary supplies.

situation.  Lastly, Coles's does not claim that defendants were aware of that moving from his wheelchair to the floor allegedly reduced his "convalescent ability" nor does he explain what this self-described injury entailed.  In sum, there is no basis here to conclude that either defendant O'Neill or Coburn acted with requisite deliberate indifference to Cole's needs, or that his claims, without more amount to constitutional violations.

**Americans With Disabilities Act**

A plaintiff may not bring a cause of action under Title II of the ADA against private individuals.  *See Baird ex. Rel. Baird v. Rose*, 192 F.3d 462, 471-72 (4th Cir. 1999).  As such Coles' claims against Defendants O'Neill and Coburn must be dismissed.

Assuming that Coles may bring his ADA claim against Baltimore County Detention Center Medical Unit 2C/2D, Title II of the Americans with Disabilities Act provides that "no qualified individual with a disability shall, by reason of such a disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132.  To state a claim under Title II of the ADA, a plaintiff must allege: 1) he has a disability; 2) he is otherwise qualified for the benefit at issue; and 3) he was either excluded from the benefit or program due to discrimination solely on the basis of the disability. *See Doe v. University of Maryland Medical System Corporation*, 50 F. 3d 1261, 1265 (4th Cir. 1995).  As a paraplegic, Coles is disabled within the meaning of the statute.  Coles, however, fails to allege that his purported lack of proper housing stems from any discriminatory animus related to his disability or that he was denied participation in programs, services, or other benefits provided to inmates.

**Conclusion**

8

For the reasons stated herein, the court finds that defendants are entitled to judgment as a

matter of law.  Summary judgment will be entered in favor of defendants by separate order.


 May 23, 2007                                              /s/
Date                                                       J. Frederick Motz
                                                           United States District Judge